UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN BENNETT,

                          Plaintiff,

v.                                             3:05-CV-0585
                                             (GHL)

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

DELAWARE COUNTY DEPARTMENT          PORTER L. KIRKWOOD, ESQ.
    OF SOCIAL SERVICES
Counsel for Plaintiff
111 Main Street
Delhi, New York 13753

HON. GLENN T. SUDDABY                WILLIAM H. PEASE, ESQ.
United States Attorney for the             Assistant United States Attorney
    Northern District of New York
Counsel for Defendant
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## MEMORANDUM DECISION AND ORDER[1]

## I.      BACKGROUND

###       A.      Procedural History

      Plaintiff filed an application for supplemental security income on October 17, 2003.

(Administrative Transcript ("T") at 34.)  The application was denied and Plaintiff requested a

---

[1]       This matter is before the Court by consent of both parties.  (Dkt. No. 8.)

hearing before an Administrative Law Judge ("ALJ") which was held on October 19, 2004.  (T. at 213-229.)  On January 10, 2005, the ALJ issued a decision finding that Plaintiff was not disabled.  (T. at 11-16.)

Plaintiff appealed to the Appeals Council, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 12, 2005.  (T. at 3-5.)  Plaintiff commenced this action on May 13, 2005.  (Dkt. No. 1.)

**B.**   **The Contentions**

Plaintiff makes the following claims:

(1)    The ALJ failed to properly develop the record by not obtaining evidence from a vocational expert regarding the availability of employment in the national economy.  (Dkt. No. 5 at 6-7.)

(2)    The ALJ erred in concluding that Plaintiff could perform "sedentary" work.[2] (Dkt. No. 5 at 7-10.)

Defendant contends that the ALJ's decision is supported by substantial evidence and thus should be affirmed.  Dkt. No. 6.

**II.**   **APPLICABLE LAW**

**A.**   **Standard for Benefits**

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability benefits must establish that he is "unable to engage in any substantial gainful activity

---

[2]    The Court notes that the ALJ found that Plaintiff could perform light work.  (T. at 14, 15.)  Throughout his brief, Plaintiff argues that the ALJ found that he could perform "sedentary" work.  (Dkt. No. 5.)  The Court presumes that Plaintiff's use of the term "sedentary" work was inadvertent and thus hereinafter substitutes the term "light work."

2

by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A) (2004).  In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such
> severity that he is not only unable to do his previous work but
> cannot, considering his age, education, and work experience,
> engage in any other kind of substantial gainful work which exists
> in the national economy, regardless of whether such work exists in
> the immediate area in which he lives, or whether a specific job
> vacancy exists for him, or whether he would be hired if he applied
> for work.

42 U.S.C. § 1382c(a)(3)(B) (2004).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") has promulgated regulations establishing a five-step sequential evaluation process to determine disability.  20 C.F.R. § 416.920 (2006).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the
> claimant shows that he is not working at a "substantial gainful
> activity."  [20 C.F.R.] §§ 404.1520(b), 416.920(b).  At step two,
> the SSA will find non-disability unless the claimant shows that he
> has a "severe impairment," defined as "any impairment or
> combination of impairments which significantly limits [the
> claimant's] physical or mental ability to do basic work activities."
> [20 C.F.R.] §§ 404.1520(c), 416.920(c).  At step three, the agency
> determines whether the impairment which enabled the claimant to
> survive step two is on the list of impairments presumed severe
> enough to render one disabled; if so, the claimant qualifies.  [20
> C.F.R. §§] 404.1520(d), 416.920(d).  If the claimant's impairment
> is not on the list, the inquiry proceeds to step four, at which the
> SSA assesses whether the claimant can do his previous work;
> unless he shows that he cannot, he is determined not to be
> disabled.[]  If the claimant survives the fourth stage, the fifth, and

3

> final, step requires the SSA to consider so-called "vocational
> factors" (the claimant's age, education, and past work experience),
> and to determine whether the claimant is capable of performing
> other jobs existing in significant numbers in the national
> economy.[] [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f),
> 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Serrano v. Barnhart*, Civ. No. 02-6372, 2003 WL 22683342, at *11 (S.D.N.Y. Nov. 14, 2003). If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.* (citing *Barnhart v. Thomas*, 540 U.S. at 25; other citations omitted).

**B.    Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Brown v. Barnhart*, Civ. No. 02-4523, 2003 WL 1888727, at *4 (S.D.N.Y. Apr. 15, 2003); *Serrano v. Barnhart*, 2003 WL 22683342, at *10; *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g) (2005); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a scintilla" of evidence scattered throughout the administrative record.  *Serrano*, 2003 WL 22683342, at *10; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams*, 859 F.2d at 258.  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## III.    THE PLAINTIFF

Plaintiff was born on November 22, 1950.  (T. at 34.)  He graduated from high school, where he attended special education classes.  (T. at 60.)  Plaintiff previously worked as a compounder, lumber stacker, and factory worker.  (T. at 55, 69.)  Plaintiff alleges disability due to a back impairment and respiratory problems.  (Dkt. No. 5 at 4, T. at 54.)

## IV.    THE ALJ'S DECISION

The ALJ found that: (1) Plaintiff has not engaged in substantial gainful activity since

5

January 1, 1999 (T. at 15); (2) Plaintiff's back and respiratory impairments are severe but do not

meet or medically equal a listed impairment (*Id.*); (3) Plaintiff's allegations regarding his

limitations are not totally credible (*Id.*); (4) Plaintiff retains the residual functional capacity

("RFC") to lift or carry up to ten pounds frequently or twenty pounds occasionally, sit, stand or

walk for up to six hours in an eight hour work day, and needs to avoid respiratory irritants (*Id.*);

(5) Plaintiff is unable to perform his past relevant work (*Id.*); (6) using Rule 202.13 of the

Medical-Vocational Guidelines (the "Grid") as a framework, Plaintiff is not disabled (T. at 15-

16).

## V.      DISCUSSION

### A.      Was the ALJ's Finding Regarding Plaintiff's RFC Supported by Substantial Evidence?

Plaintiff generally argues that the ALJ erred in finding that he retained the RFC to

perform light work.  (Dkt. No. 5 at 7-10.)  Within this general argument, Plaintiff asserts several

more specific contentions, however these will not be addressed by the Court.  Instead, the Court

orders remand for the general proposition asserted by Plaintiff (that the ALJ erred in finding that

Plaintiff retained the RFC to perform light work), but for a specific reason not raised by Plaintiff.

The Code of Federal Regulations defines RFC as "the most you can still do despite your

limitations."  20 C.F.R. § 416.945(a) (2006).  RFC is assessed based upon all of the relevant

medical evidence.  20 C.F.R. § 416.945(a)(3) (2006).  In this case, the ALJ found that Plaintiff

"retain[ed] the residual functional capacity to *lift or carry up to 10 pounds frequently or 20

pounds occasionally*, sit, stand, or walk for up to 6 hours each (sic) total in an eight hour work

day, with a need to avoid respiratory irritants."  (T. at 14, 15.)  The ALJ based his finding upon

the opinions of Pranab Datta, M.D., an examining physician who conducted an internal medicine examination of Plaintiff on December 10, 2003.[3]  (T. at 130-134, emphasis added.)

Dr. Datta's medical source statement says, in part, "[t]here is mild limitation for prolonged sitting and standing.  Mild to moderate limitations for walking and climbing.  *No lifting or carrying*.  He has moderately severe obstructive lung disease and is restricted from activities requiring mild to moderate exertion."  (T. at 133, emphasis added.)  It bears reiterating that Dr. Datta specifically stated that Plaintiff could perform "[n]o lifting or carrying."  Consequently, the ALJ's decision cannot be supported by substantial evidence because the substantial evidence the ALJ purportedly based his decision upon was completely contrary to his finding.  In other words, the ALJ found that Plaintiff could lift or carry up to ten pounds frequently or twenty pounds occasionally and this finding was based upon Dr. Datta's opinions; however Dr. Datta expressed that Plaintiff could perform no lifting or carrying.

Because this issue was not addressed in the parties' briefs, the Court sought out their views (Dkt. No. 9), and they complied (Dkt. Nos. 11 and 12).  Defendant argues that Dr. Datta "intended" to say in his report "no lifting or carrying 'limitations'".  (Dkt. No. 11 at 2.)  This might be so, but it also might not.  The Court cannot be left to divine that Dr. Datta "intended" to say precisely the opposite of what he did say.

Defendant also argues that there is substantial evidence in the record supporting the ALJ's RFC assessment.  This may be so, but as far as the record is concerned, the ALJ based his

---

[3]     This is evident from the fact that the ALJ only referenced two doctors in his opinion: Stanley J. Charlamb, M.D. and Pranab Datta, M.D.  Dr. Charlamb is a state agency ophthalmologist and since the ALJ found that Plaintiff's vision problems did not constitute a severe impairment (a finding not challenged by Plaintiff), his opinions are, for purposes of this decision, irrelevant.  Dr. Datta is the only other physician referenced in the ALJ's opinion.

RFC findings solely on the opinions of Dr. Datta (see footnote 3, above).  There is no indication as to whether the ALJ accepted or rejected other evidence relevant to Plaintiff's RFC.

Because of the contradiction between Dr. Datta's statement and the ALJ's findings, remand is necessary.

**B.      Did the ALJ Fail to Properly Develop the Record?**

Plaintiff also argues that the ALJ failed to properly develop the record by not obtaining evidence from a vocational expert regarding the availability of employment in the national economy.  (Dkt. No. 5 at 6-7.)  Plaintiff acknowledges that at the fifth step of the sequential evaluation, the burden shifts to the Commissioner to show that a claimant, based upon his/her RFC, age, education, and work experience, can make an adjustment to other work.  (Dkt. No. 5 at 6-7; *see also* 20 C.F.R. § 416.920(a)(4)(v) (2006)).  However, at the fifth step of the sequential evaluation, it is presupposed that the ALJ has evaluated the first four steps.  In this case, remand is being ordered for re-evaluation of Plaintiff's RFC.  Accordingly, upon remand, after Plaintiff's RFC is properly assessed, the ALJ shall consider the remaining steps of the sequential evaluation and if vocational expert testimony or other evidence is necessary, it is presumed that the ALJ will obtain it.

**WHEREFORE,** it is hereby

**ORDERED**, that this matter be remanded to the Commissioner, pursuant to sentence four of 42

U.S.C. § 405(g),[4] for further proceedings consistent with the above.

Dated: September 24, 2007
        Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[4]      Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

9